State v. Ange

———————————

STATE OF NORTH CAROLINA v. LEON GRAY ANGE, JR.

No. 842SC439

(Filed 5 February 1985)

**Rape § 4.1— *evidence of another rape committed by defendant—admissibility of* evidence for identification**

    The trial court did not err in admitting testimony of a witness who claimed to have been raped by defendant on a prior occasion for the purpose of identifying defendant as the perpetrator of the crime charged in this case where defendant's identity was not admitted by defendant or defense counsel and was thus in issue, and the behavior of the perpetrator, reflecting serious mental and emotional problems, combined with other similarities as to where and how the crimes were carried out, provided a basis for a reasonable inference that the man who the witness claimed attacked her was the same man the prosecutrix claimed attacked her.

APPEAL by defendant from *Phillips, Judge.* Judgment entered 18 January 1984 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 17 January 1985.

The defendant was convicted of second-degree rape. The prosecutrix testified that she first met defendant on 5 November 1983 at approximately 5:45 p.m. at a market near where she was staying with friends. After purchasing groceries, the prosecutrix went to a pinball machine inside the store. The defendant approached her, struck up a conversation, and they played a game of pinball. Defendant told her his name was Leon Ange. The prosecutrix then told defendant she had to go home. Defendant asked her for a ride, and she agreed to take him.

Defendant gave the prosecutrix directions to his home. He told her to stop on a dirt road a short distance from a house which he said was his. Defendant then told the prosecutrix to turn off the headlights. He appeared angry. He forced her down onto the seat, locked the door, and struck her on the left side of the head. He forced her to have sexual intercourse. He said he planned to kill her. Later, he started crying, and said that he would call the police to turn himself in, and that he would pay her. Defendant left the car and walked home. Prosecutrix drove back to the place she was staying, where her friends assisted her in going to the police and to the hospital.

At trial, the State offered corroborating testimony from a witness, who also claimed that defendant had raped her. After a voir dire hearing, the trial court admitted the witness's testimony for the purpose of identifying the defendant as the person who raped the prosecutrix in the present case. Defendant objected to the admission of the witness's testimony on the grounds that it was prejudicial, and appeals the judgment on the basis of error in its admission.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Howard P. Neumann for defendant appellant.*

ARNOLD, Judge.

The sole question presented on appeal is whether the trial court erred in allowing the testimony of a witness who claimed to

have been raped by defendant on a prior occasion. We conclude that the evidence was properly admitted and find no error in defendant's trial.

The trial court admitted the witness's testimony for the purpose of identifying the defendant as the perpetrator of the crime charged by the prosecutrix in the present case. Although the "general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent or separate offense," *State v. McClain*, 240 N.C. 171, 173, 81 S.E. 2d 364, 365 (1954), when "the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged." *State v. McClain*, 240 N.C. at 175, 81 S.E. 2d at 367.

The defendant argues that the question of identity was not at issue in his trial, and that therefore the identity exception does not apply. The defendant cites *State v. Pace*, 51 N.C. App. 79, 275 S.E. 2d 254 (1981), where evidence of a prior rape was held to be inadmissible because the identity of the defendant as the perpetrator was not in issue. Yet, in *Pace*, before the witness who would testify to the prior rape was called, the defense counsel informed the court that defendant would rely upon the defense of consent. Further, the defendant there took the stand, and his testimony tended to show that he was with the prosecuting witness at the time involved and that acts of intercourse and fellatio did occur. *State v. Pace*, 51 N.C. App. at 83, 275 S.E. 2d at 256.

In the present case, the record contains no indication that the defense counsel removed the issue of identity. Nor did the defendant or any witness for the defendant take the stand and give evidence that defendant and the prosecutrix were together on the evening in question, and had sexual intercourse. The State thus had the burden of proving that the prosecutrix's attacker and the defendant were one and the same. In the absence of an admission by the defendant or defense counsel, the identity of the perpetrator was an issue at trial.

The defendant argues that even if identity was at issue, the two incidents were so dissimilar that it cannot be reasonably inferred that the crime charged and the prior offense were committed by the same person. The trial court made detailed findings of the similarities between the two incidents. In both crimes the perpetrator asked the victim for a ride home in her car, had her stop on a deserted country road, requested that she engage in sex, and when she refused, then raped her. The most compelling similarity of the two crimes, however, was the behavior of the perpetrator during and after the crime. In both incidents, he threatened and screamed at the victim, then after the sexual act, became irrational and extremely emotional, expressing remorse, apologizing to the victims and saying he would turn himself in, expressing concern for his own mental and emotional state, and saying that he intended to get help. The behavior of the perpetrator, reflecting serious mental and emotional problems, combined with the other similarities as to where and how the crimes were carried out, provide a basis for a reasonable inference that the man who the witness claims attacked her was the same man the prosecutrix claims attacked her.

The trial court did not err in admitting the witness's testimony for the purpose of identifying the defendant as the man who raped the prosecutrix.

No error.

Judges WELLS and EAGLES concur.